Reese, J.
delivered the opinion of the court.
Upon the trial of this cause, in the circuit court, James Jones, a witness on behalf of the State, testified, in substance, that on the day the homicide- was committed, he was at the house of one Judy Young; prisoner, in company with one Robert Harrison, came there. Shortly afterwards, Moses Parks, the deceased, came hastily into the door of the front room, looked angry and pale. At the time, the prisoner stood near a counter, leaning on it. The de-ceásed walked up to prisoner, and said, ‘Him, you would or did tear my shirt.” Witness, expecting a difficulty, started to leave the room; as witness was going out, he heard something, as the tearing of a shirt; he turned round, saw the ruffle of a shift lying on the floor. Parks said, “now we are even.” Prisoner, with an oath, replied, “yes, we are,” and thereupon, eyeing his shirt bosom and Parks at the same time, turned out of the door of the room, took his knife out, opened it, turned to Parks and gave him a blow with the knife on the breast, first striking on the breast with his left hand, and turning from a position, fell towards him. Witness saw nothing more, as he went out of the house. When he was outside, he heard a noise, as of a scuffling. When Claxton’s ruffles were torn, he looked more hurt and. afraid, than mad; he-screwed himself around and openechhis knife; witness saw him open it. It was not done secretly; the knife was a pocket knife with a large blade, about the length of his finger. He saw no weapon of any sort upon Parks when he came into the room, or when he approached Claxton; saw no weapon used by Parks, or attempted to be used, nor any offer to draw any weapon. Heard the cry that Parks was killed, and saw prisoner going from Judy Young’s, at a hasty gait; was among the first that saw Parks afterhe was killed; saw a large scabbard on his person, but no knife on the floor or counter. “The interval between tearing of the shirt and the killing was but a minute or so; it was almost no time at all.” The testimony of Robert Harrison was much more unfavorable to the prisoner. But testimony, impeaching his general character and credit was introduced. The bill of exceptions states, that among other things, not objected to, the court charged the jury, “that a slight assault would not of itself justify a homicide, as if a man *183 should slightly pull another’s cravat, which would in law be an assault, and the- party so assaulted, should get a bowie knife, and kill the other, this would not of itself present a case of homicide in self-defence; and further, that if the jury should return a> special verdict in this case, presenting as the facts of the case, the- testimony of James Jones, excluding the ^ testimony of Robert Harrison, and taking as true, the testimony of all the other witnesses, the court could not upon such a special verdict, say the prisoner had. made out a case of self-defence; that the jury had aright to return a general verdict, and the prisoner had a right to requre it at their-hands.”
The prisoner was found guilty of manslaughter, and presents his; appeal in error to this court, and his counsel contends here, that the charge of his honor, the circuit judge, is inconsistent with that provision of our constitution,, which declares, “that judges shall not charge juries with respect to matters of fact, but may state-the testimony and declare the law.” If this assumption of the prisoner’s counsel, be well founded, the judgment is, of course, erroneous. For the-juries are the- exclusive judges of the credit of witnesses, of the weight of the testimony and the truth of contested statements. “Judges shall not charge juries with respect to. matters of fact,” that is, they shall not decide upon the credit of witnesses; they 'shall not state in which scale there is preponderance of testimony, nor shall they inform them what conclusions of fact, from the proof heard, they ought to draw. But, “they may state the testimony, and declare the law” thereon, that is, in the case before, us, the judge may say, the witness, Jones, has said so and so-, or you have heard, and remember the facts stated by him, if you believe all those facts to be true, the law thereon,, is that they do not. make out a case of homicide, sese defendendo. The facts being found or admitted, what shall constitute homicide excusable,, or manslaughter, is a conclusion of law, and not of fact. The case put by us, is that which really occurred. What is said by the circuit court on the subject of a special verdict, is not so. strong,, and so-direct against the prisoner, as if he had said, that the law arising upon -the statements of Jones, taking them all to be. true, was that the Jiomicide committed was not excused by the assault proved.. Perhaps declarations of law, as arising upon the facts, are seldom, made in the manner, or with the force presented in the case before; *184 us. But, be this as it may, we cannot say, that the honorable judge violated the constitutional rule, or transcended the limits of his official and appropriate duty.
We have been referred, by the prisoner’s counsel, to a case determined by this court, at this place, at the December term, 1837, Johnson and wife in error vs. The State, MS. In that case, the question for the jury to determine was, whether the correction of a child by the defendant, so far exceeded the reasonable limits of parental duty and authority as to amount to a trespass and breach of the peace. A majority of the court, who determined that case, were of opinion, that this was a conclusion of fact, to be drawn by the jury from all the proof and circumstances of the case. But the circuit judge, in substance and effect, charged the jury, that if they believed the witnesses, “the conductof the defendants was cruel and barbarous in the extreme,” and of course that they should be found guilty. This court thought such a charge, was trenching upon the province of the jury, as to matters of fact, and reversed the judgment.
The ground upon which that decision was placed, presents no obstacle to the conclusion we have arrived at in the present case. We have likewise been referred to the cases reported in 4 Deveraux, 259, and 2 Hawks, 79. With these cases we are satisfied; they turned upon their own circumstances, and present no analogy to control the question before us. We are of opinion, therefore, that the judgment of the circuit court, in this case, must be affirmed.-